IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

Nathaniel Glenn, Jr., #303563,         )
                                              )
                    Petitioner,        )
                                              )
vs.                            )
                                              )
Leroy Cartledge, Warden of          )
McCormick Correctional Institution,  )
                                              )
                    Respondent.  )
                                              )

Civil Action No. 6:09-2157-TLW-KFM

**REPORT OF MAGISTRATE JUDGE**

        The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

        Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

**BACKGROUND OF THE CASE**

        The record reveals that the petitioner is currently confined in the McCormick Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment from the Greenville County Clerk of Court. The petitioner was indicted at the December 2002 term of the Greenville County Grand Jury for trafficking cocaine (2002-GS-23-6529).[1] He was represented by attorney James L. "Skip" Goldsmith. After the State

---

[1] The petitioner was originally charged in two separate warrants for trafficking in cocaine on two separate dates, July 16, 2002, and August 2, 2002. It appears the petitioner was served with these warrants on October 3, 2002. He was subsequently indicted and the State proceeded to trial only on the indictment charging him with trafficking on August 2, 2002. The State also sought and obtained a direct indictment on the July 16, 2002 incident; however, neither this indictment nor the original indictment for the July 16th incident were prosecuted.

called the case to trial and the matter was tried before a jury, the petitioner was found guilty as indicted.  On July 13, 2004, the Honorable Edward W. "Ned" Miller, the presiding trial judge, sentenced the petitioner to 27 years for trafficking cocaine, second offense.[2]

## Underlying Facts of the Case[3]

On August 2, 2002, the petitioner sold over 10 grams of cocaine to a police informant in exchange for $450.  The informant had known the petitioner for more than 10 years prior to this sale of cocaine.  The sale of cocaine took place inside the petitioner's motor vehicle in the parking lot of the Crowne Plaza hotel located on Congaree Road in Greenville, South Carolina.  Prior to the sale of cocaine, a recorded phone call was made by the informant to the petitioner; however, the petitioner did not identify himself by name on the phone call.

Both the informant and the petitioner worked at the Crowne Plaza hotel.  On the day of the sale, the informant was working, and the petitioner was not.  The informant was wearing a body wire at the time of the transaction.  From the testimony at PCR, it appears the recording was not of good quality.  Prior to the sale of cocaine, the informant was searched and provided with the buy money and allowed to return to work for approximately 20 minutes until the petitioner arrived in the parking lot.

---

[2]At sentencing, the petitioner's prior record was provided to the court.  The petitioner was convicted of failure to stop for a blue light and driving under suspension in 1991; possession of crack cocaine with intent to distribute, carrying a pistol, and driving under suspension in 1994; driving under suspension in 1994; criminal domestic violence in 1997; assault and battery and malicious injury to personal property in 2000. In addition, the petitioner was convicted in U.S. District Court of possession of a firearm during a drug trafficking crime in 1993 and possession of a firearm in 1994. Out of an abundance, Judge Miller chose not to treat the prior federal convictions as a prior drug offense for sentence enhancement, but relied solely on the prior state PWID crack conviction for sentence enhancement.

[3]The facts are taken from the trial transcript contained within the Appendix.

The petitioner arrived in the parking lot in a burgundy Lexus with tinted windows with South Carolina tag 488-NGK.  Officers ran a check on the tag ,and it came back to Nathaniel Glenn, Jr., at 3441 Jug Factory Road in Greer, South Carolina.

Police officers were sitting in a nearby vehicle and attempted to videotape the transaction.  However, because of the location of the surveillance vehicle and the petitioner's tinted windows, it does not appear the video recorder actually recorded the transaction.  When the petitioner left the parking lot, a window was down on the vehicle, and Officer Melissa Lawson testified she could see through the lowered window that the petitioner was driving the burgundy Lexus.  Lawson admitted on cross-examination that she did not get out of her car during the time the petitioner was allegedly in the parking lot, and she had no face-to-face contact with the petitioner.  She also admitted on cross-examination that the end of the videotape depicted the petitioner driving by with the window down.  Officer Lawson identified the petitioner's voice on the tape recording of the phone call; however, she admitted no expert voice analysis was done on the tape.  Officer Lawson also testified at trial that she subpoenaed the cell phone company for the identity of the phone number they called, and it came back to Nathaniel Glenn, Jr.  No cell phone records were introduced at trial.

After the sale, officers immediately retrieved the cocaine from the informant.  The informant no longer had the $450 buy money on him.  The drugs tested positive for cocaine and weighed approximately 14 grams.  The petitioner was later arrested.  At trial, the informant testified and identified the petitioner as the person who sold him the cocaine inside the petitioner's vehicle.  The petitioner did not testify at his trial.

3

**The Direct Appeal**

A notice of appeal was filed on the petitioner's behalf at the South Carolina Court of Appeals. The petitioner subsequently chose to withdraw his direct appeal. The Court of Appeals issued its Order of Dismissal and Remittitur on June 23, 2005.


**The PCR Action**

The petitioner filed an application for post-conviction relief ("PCR") (2006-CP-23-1230) on February 20, 2006.[4] The respondent made its return on May 2, 2006. An evidentiary hearing into the matter was convened on November 13, 2007, at the Greenville County Courthouse before the Honorable Edward G. Welmaker, Circuit Court Judge. The petitioner was present at the hearing and represented by attorney Susannah C. Ross.[5] Karen C. Ratigan of the South Carolina Attorney General's Office represented the respondent.

The petitioner testified on his own behalf at the PCR hearing. Also testifying were Terry McLees and the petitioner's trial counsel, James L. "Skip" Goldsmith. The court had before it a copy of the trial transcript, the records of the Greenville County Clerk of Court, the petitioner's records from the South Carolina Department of Corrections, the application for PCR, the respondent's return, and the appellate records. On December 13, 2007, the PCR court issued its Order of Dismissal denying and dismissing all of the

---

[4]The petitioner actually filed an earlier PCR action (2004-CP-7551) challenging this trafficking conviction; however, it was filed while his direct appeal was still pending. As a result, it was dismissed without prejudice by the Honorable Larry R. Patterson, Circuit Court Judge, on May 17, 2005. The petitioner also filed a separate PCR action (2005-CP-23-5782) on September 9, 2005, challenging his previous 1994 conviction for PWID crack cocaine. This action was subsequently dismissed by Conditional Order of Dismissal in 2005 and Final Order of Dismissal in 2006.

[5]It appears from the record that the petitioner was originally represented in his PCR action by attorney Rodney Richey.

allegations of the petitioner's PCR application with prejudice. The Order was filed in the Clerk's Office on December 27, 2007.[6]

**The Order of Dismissal**

In the Order of Dismissal, after first discussing the procedural history of the case, the court noted that the petitioner in his application alleged he was being held in custody unlawfully for the following reasons:

(1)    Ineffective assistance of trial counsel.

(2)    Double jeopardy.

(3)    "False evidence of drugs."

(4)    Subject matter jurisdiction.

The court also noted that the petitioner filed a subsequent amendment to his application, dated June 26, 2006, in which he alleged several instances of ineffective assistance of trial counsel.

***Findings of Fact and Conclusions of Law***

In the Order of Dismissal, the court noted it had the opportunity to review the record in its entirety and had heard the testimony and arguments presented at the PCR hearing. The court also noted it had further had the opportunity to observe each witness who testified at the hearing and to closely pass upon their credibility. The court further noted it had weighed the testimony accordingly. Set forth below are the court's relevant findings of fact and conclusions of law.

### *Ineffective Assistance of Counsel*

The court noted the petitioner alleged he received ineffective assistance of trial counsel. The court pointed out that in a PCR action, "'[t]he burden of proof is on the

---

[6]The Order of Dismissal was issued and filed after the South Carolina Supreme Court's decision in *Marlar v. State*, 375 S.C. 407, 653 S.E.2d 266 (2007).

applicant to prove his allegations by a preponderance of the evidence.'" (App. 240 (quoting *Frasier v. State*, 570 S.E.2d 172, 174 (S.C. 2002)).

The court also pointed out that for an applicant to be granted post-conviction relief as a result of ineffective assistance of counsel, he must show both: (1) that his counsel failed to render reasonably effective assistance under prevailing professional norms, and (2) that he was prejudiced by his counsel's ineffective performance. *Strickland v. Washington*, 466 U.S. 668 (1984); *Sanchez v. State*, 569 S.E.2d 363, 365 (S.C. 2000). The court also noted that in order to prove prejudice, an applicant must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Cherry v. State*, 386 S.E.2d 624, 625 (S.C. 1989). The court also pointed out: "A reasonable probability is a probability sufficient to undermine confidence in the outcome of trial." *Johnson v. State*, 480 S.E.2d 733, 735 (S.C. 1997) (citing *Strickland*, 466 U.S. 668).

The PCR court summarized the testimony as follows: The petitioner stated he was denied a preliminary hearing. He stated he asked trial counsel to file a motion to suppress, but that trial counsel said it was too late. The petitioner stated trial counsel should have objected to the admission of the videotape, audiotape, and drugs at trial. The petitioner testified Officer Carias, who signed the warrant and testified at the Grand Jury, should have testified at his trial. He further testified that Officer Carias had been the subject of an internal affairs investigation. The petitioner stated he never had a chance to review the discovery materials before trial and, particularly, he did not review the videotape or audiotape before trial. The petitioner stated trial counsel did not make a proper motion for a continuance under Rule 7, SCRCrimP. The petitioner testified trial counsel failed to request voir dire and should have made a more detailed *Batson*[7] motion. He further

---

[7] *Batson v. Kentucky*, 476 U.S. 79 (1986).

testified trial counsel should have objected to references to cell phone records and the confidential informant's prior record because these items were not in the discovery materials. The petitioner testified trial counsel should have objected to testimony from the chemist, James Armstrong, about his qualifications. The petitioner stated he wanted to testify, but trial counsel told him not to do so. The petitioner stated trial counsel should have objected during the State's closing argument. He further contended that trial counsel should have objected during his sentencing because one of the prior convictions had been overturned. (App. 240-41).

Terry McLees testified he had been both the supervisor for both the petitioner and the confidential informant. McLees testified the confidential informant was capable of "setting someone up." (App. 241).

Trial counsel testified he does not have preliminary hearings in his cases unless there is a strong reason to do so. Trial counsel testified he explained this to the petitioner. Trial counsel testified neither the videotape nor the audiotape captured the petitioner making a drug transaction. As such, trial counsel testified he did not move to suppress the tapes and that there was no basis for such a motion. Trial counsel stated there was no reason to object because Officer Carias did not testify at trial. Trial counsel stated he received discovery in this case and reviewed it with the petitioner. He stated he attempted to mail these materials to the petitioner, but the mail was returned to him. Trial counsel stated he reviewed the videotapes and audiotapes in this case but was unable to review them with the petitioner because the petitioner did not contact him. Trial counsel testified, however, that he did relay the contents of those tapes to the petitioner. Trial counsel testified there were no cell phone records in the discovery materials but that references to them at trial did not hurt the case. Trial counsel testified he did not obtain the confidential informant's prior record until the day of trial. Trial counsel stated he was prepared for trial but asked for a continuance based on the petitioner's request. He stated

additional voir dire was not necessary. Trial counsel stated he made a *Batson* motion in this case. Trial counsel stated there was no basis to challenge chemist James Armstrong's qualifications. Regardless, trial counsel stated whether the substance was cocaine was unimportant to their case because the petitioner's defense was that he was not there. Trial counsel stated they discussed the right to testify and that it was the petitioner's choice not to do so. Trial counsel testified there was no reason to object to the State's closing argument and that, regardless, he is wary of objecting during closing. Trial counsel testified there was no reason to object during sentencing and that the petitioner was facing a third offense. (App. 241-42).

In the Order of Dismissal, the court found the petitioner's testimony was not credible, while also finding trial counsel's testimony was credible. The court further found trial counsel adequately conferred with the petitioner, conducted a proper investigation, and was thoroughly competent in his representation. The court found the petitioner had not met his burden of proving he should have had a preliminary hearing. Trial counsel testified such a hearing was not necessary in this case. The court noted all evidence against the petitioner was provided to trial counsel in the discovery materials. (App. 242).

The court found the petitioner had not met his burden of proving trial counsel should have filed a motion to suppress the videotape, audiotape, or drugs at trial. The court found that, as the defense strategy was to argue the petitioner was not involved in a drug transaction at all, there was no reason to suppress the admission of these items. The court noted trial counsel stated he did not object to the video and audiotapes because they were not harmful and did not record the petitioner's involvement in a drug transaction. (App. 243 (citing *Roseboro v. State*, 454 S.E.2d 312, 313 (S.C. 1995) (finding where trial counsel articulates a valid reason for employing a certain strategy, such conduct should not be deemed ineffective assistance of counsel)).

The court found the petitioner had not met his burden of proving trial counsel should have reviewed discovery materials in his case. The court noted trial counsel testified he reviewed the discovery materials with the petitioner. The court further noted trial counsel could not arrange a time to review the video and audiotapes with the petitioner because the petitioner did not contact him. The court found that trial counsel was prepared for trial and stated to the trial court that he had received the discovery materials and was ready to proceed. (App. 243 (citing trial transcript, p. 4)).

The court found the petitioner had not met his burden of proving trial counsel should have challenged the fact that Officer Carias did not testify at trial. Officer Carias observed the drug transaction, signed the warrant, and testified before the Grand Jury. It was not necessary, however, for Officer Carias to testify at trial. Officer Lawson was also present the day the transaction was recorded on video and audiotape and testified at trial. Officer Lawson testified as to the setup of the surveillance, the hidden microphone on the confidential informant, and the drugs purchased by the informant from the petitioner. (App. 243 (citing trial transcript, pp. 24-39)). The petitioner failed to provide a cognizable reason Officer Carias should have also testified.

The court found the petitioner had not met his burden of proving trial counsel erred in any respect regarding the motion for continuance. The court noted trial counsel did request a continuance on the petitioner's behalf. The court noted trial counsel stated at the time – and reiterated at the evidentiary hearing – that he was prepared to go forward with the trial. (App. 243-44 (citing trial transcript, p. 4)).

The court found the petitioner had not met his burden of proving trial counsel erred with respect to either jury voir dire or the *Batson* motion. The court found the voir dire in this case was proper and noted the petitioner had not set forth a cognizable basis for trial counsel to have requested additional voir dire. (App. 244 (citing trial transcript, pp. 5-9)). The court noted trial counsel made a *Batson* motion, the State provided a race neutral

reason for striking the jurors, and the motion was denied.  (*Id.* (citing trial transcript, pp. 15-16)). The court found the petitioner had failed to set forth any cognizable basis to support his allegation that the *Batson* motion was inadequate.

The court found the petitioner had not met his burden of proving trial counsel should have challenged the State's chemist, James Armstrong.  Trial counsel testified there was no reason to have challenged Armstrong.  The PCR court agreed, finding a South Carolina Law Enforcement Division certification to test crack cocaine was not necessary to prove one's qualifications as an expert witness.  The court found that Armstrong was qualified to testify about the drug analysis report based upon his years of knowledge and experience in that area. (App. 244 (citing Rule 701, SCRE)).

The court found the petitioner had not met his burden of proving trial counsel erred regarding his explanation of the petitioner's right to testify at trial.  The court found the petitioner's testimony that trial counsel told him not to testify was not credible.  The court found the petitioner was advised of the right to testify by the trial judge and chose not to exercise that right.  (App. 244 (citing trial transcript, pp. 68-69)).  The court noted the petitioner admitted at the evidentiary hearing that it was his decision not to testify.

The court found the petitioner had not met his burden of proving trial counsel should have objected during closing argument.  Trial counsel testified there was nothing egregious or objectionable in the State's closing argument.  After reviewing the record, the court agreed.  (App. 244-45 (citing trial transcript, pp. 72-77).  The court also noted trial counsel testified he generally does not object during closing argument. (App. 245 (citing *Roseboro*, 454 S.E.2d at 313).

The court found the petitioner had not met his burden of proving trial counsel should have objected during sentencing.  Trial counsel testified there was nothing objectionable in the prior record recited by the State.  After reviewing the record, the court agreed and found trial counsel adequately addressed the enhancement issue at

sentencing.  Regardless, the court found the petitioner could not prove any prejudice because the trial judge opted to sentence the petitioner to a second offense rather than a third.  (App. 245 (citing trial transcript, p. 95)).

Accordingly, the court found the petitioner had failed to prove the first prong of the *Strickland* test – that trial counsel failed to render reasonably effective assistance under prevailing professional norms.  The court noted the petitioner failed to present specific and compelling evidence that trial counsel committed either errors or omissions in his representation of the petitioner.  The court also found the petitioner had failed to prove the second prong of *Strickland* – that he was prejudiced by trial counsel's performance. The court concluded the petitioner had not met his burden of proving counsel failed to render reasonably effective assistance.  (*Id.* (citing *Frasier*, 570 S.E.2d at 174)).

### *Subject Matter Jurisdiction*

The PCR court also noted that the petitioner stated that, as there were errors on the indictment, trial counsel should have filed a motion to quash.  Trial counsel testified there were no problems or defects with the indictment in this case.

The court found the petitioner's assertion that the trial court lacked subject matter jurisdiction was without merit.  The court pointed out that the true test of the sufficiency of an indictment is not whether it could be made more definite and certain, but whether it contains the necessary elements of the offense intended to be charged and sufficiently apprises the defendant of what he must be prepared to meet.  (App. 245-46 (citing *State v. Gentry*, 610 S.E.2d 494, 500 (S.C. 2005)).  The PCR court also pointed out that indictments are not evidentiary or jurisdictional documents – they are merely notice documents. The court noted that it had examined the indictment in this case and found it was signed by the foreman of the Grand Jury and marked as a true bill.  The court found the indictment was sufficient to put the petitioner on notice of the charge he was facing.  Accordingly, this issue was denied and dismissed with prejudice.

### Double Jeopardy

The PCR court also noted the petitioner stated he had been indicted on a federal conspiracy charge where the dates ranged from January 1, 2000, to December 17, 2002, and that the indictment in this case was for an offense on December 17, 2002. The petitioner stated he was eventually found not guilty on the federal charge. The petitioner stated trial counsel should have made a double jeopardy motion. Trial counsel testified he was aware the petitioner had been acquitted on a federal conspiracy charge. Trial counsel testified that, as there were two separate crimes at issue (the federal conspiracy charge and the state trafficking charge), there was no double jeopardy violation.

The court found the petitioner had failed to prove he was subjected to double jeopardy in this case. (App. 246-47). The PCR court quoted the following language: "No person shall . . . be subject for the same offence to be twice put in jeopardy of life or limb. . . ." U.S. Const. Amend. V. "No person shall be subject for the same offense to be twice put in jeopardy of life or liberty. . . ." S.C. Const. art. I, § 12. "Under the Double Jeopardy Clause, a defendant is protected from (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple prosecution for the same offense after an improvidently granted mistrial." (App. 246-47 (quoting *State v. Mathis*, 597 S.E.2d 872, 876 (S.C. Ct. App. 2004)). The court found the petitioner's argument was without merit. The PCR court found the petitioner's federal and state indictments were for separate and distinct offenses. As such, there was no violation of the Double Jeopardy Clauses of the federal and state constitutions. Accordingly, this issue was denied and dismissed with prejudice.

### All Other Allegations

As to any and all allegations that were raised in the application or at the hearing in this matter and not specifically addressed in the order, the court found the petitioner failed to present any evidence regarding such allegations. Accordingly, the court

12

found the petitioner waived such allegations and failed to meet his burden of proof regarding them. Therefore, they were denied and dismissed. (App. 247).

### *Conclusion to the Order of Dismissal*

Based on all the foregoing, the court found and concluded the petitioner had not established any constitutional violations or deprivations before or during his trial and sentencing proceedings. The court found and concluded that counsel was not deficient in any manner, nor was the petitioner prejudiced by counsel's representation. Therefore, the application for PCR had to be denied and dismissed with prejudice. (App. 247).

The court advised the petitioner that he must file a notice of intent to appeal within 30 days from the receipt of the order if he wanted to secure appropriate appellate review. His attention was also directed to Rules 203, 206, and 227 of the South Carolina Appellate Court Rules for the appropriate procedures to follow after notice of intent to appeal had been timely filed.

The petitioner's collateral counsel filed a Motion to Alter or Amend; however, the motion was a generic motion and did not specify how the Order of Dismissal was defective or what specific issues needed to be addressed that were omitted. (*See* App. 249). On January 18, 2008, the PCR court filed an order denying the Motion to Alter or Amend. (*See* App. 250). Through collateral counsel, the petitioner filed a Notice of Appeal from the PCR court's decisions on January 24, 2008.

**The Appeal from the Denial of Post-Conviction Relief**

The petitioner appealed from the denial of PCR by way of a *Johnson* petition for writ of certiorari to the South Carolina Supreme Court. The petitioner was represented in the appeal by Robert M. Dudek, Deputy Chief Appellate Defender for Capital Appeals. In the *Johnson* petition, Mr. Dudek raised the following issue:

> Whether the PCR court erred by holding that petitioner's prosecution in state court on the charge of trafficking in cocaine was not barred by double jeopardy where petitioner was found

13

not guilty upon a federal conspiracy indictment to distribute
crack cocaine during the same time period covered by the state
court indictment since double jeopardy barred petitioner's
prosecution in state court following his acquittal in federal court
of the same drug conspiracy charges?

Mr. Dudek argued counsel was ineffective in failing to move to quash the state court

trafficking indictment on double jeopardy grounds. (*See Johnson* petition, p. 7). Dudek

certified to the South Carolina Supreme Court that the appeal was without merit and asked

to be relieved as counsel. The petitioner filed a *pro se* petition in response to the *Johnson*

petition. In his *pro se* response to the *Johnson* petition, the petitioner raised the same issue

as above related to counsel's alleged failure to object to his prosecution for trafficking in

cocaine on double jeopardy grounds, along with a new claim of why counsel should have

objected to the admission of the videotape and audiotape not presented to the PCR court,

a new claim based on after-discovered evidence, and an alleged *Brady* violation.[8] On

May 28, 2009, after careful consideration of the entire record as required by *Johnson v.*

*State*, 364 S.E.2d 201 (S.C. 1988), the South Carolina Supreme Court denied the petition

and granted collateral appellate counsel's request to withdraw. On June 15, 2009, the court

issued its remittitur. This habeas petition followed.


## FEDERAL HABEAS PETITION

In his petition now before this court, the petitioner makes the following

allegations:

Ground One: Double Jeopardy - I was indicted for the State
and Federal charges the same day - the federal conspiracy
trafficking overlapped the State trafficking.

---

[8]The petitioner attempted to present these new claims to the PCR court through a Motion
to Amend Upon Affidavit to Proceed Upon Reconsideration filed on February 21, 2008. This motion
was dismissed by the PCR court as untimely, improper as not filed by collateral counsel, and
because the circuit court no longer had jurisdiction of the case since the petitioner filed a Notice of
Intent to Appeal on January 24, 2008.

14

a.  October 3, 2002 - I was arrested for (two) trafficking cocaine offenses that allegedly happened on the dates of July 16, 2002 and August 2, 2002. December 16, 2002 - I was arrested for conspiracy to trafficking crack cocaine by the State and the charges were arraigned to the federal court. I was charged from the dates of January 1, 2000 until the date of my indictment December 17, 2002....

Ground Two:   Ineffective assistance of trial counsel.

a.  Trial counsel dismissed my preliminary hearing after the Preliminary Hearing Coordinator, Donna Bearden, had contacted him for scheduling a date and Atty. Goldsmith dismissed the hearing without notifying my person....

b.  Goldsmith did not investigate my past record that this was my first offense, not second offense.

c.  Did not challenge the charge of the jury that you have to show possession to prove a trafficking offense.

d. Trial counsel did not suppress the drugs and the chain of custody of the videotape being altered....

e. Was denied to all discovery before trial.

Ground Three:  Subject matter jurisdiction.

a. I was indicted for the same charge twice in the State Court grand jury....

Ground Four: Prior convictions not investigated and not challenged at end of trial.  Outcome would have been different.

a. I was arrested for possession of crack cocaine January 9, 1993 by the State Court and all charges were arraigned to the federal court of Greenville and I pled guilty under the agreement that this agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the court having jurisdiction over the matter....

On January 13, 2010, the respondent filed a motion for summary judgment.

By order filed January 14, 2010, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.

1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. When the petitioner failed to respond to the motion, the court filed an order on February 24, 2010, giving him another opportunity, through March 22, 2010, to file his response. On April 5, 2010, the petitioner moved for an extension of time, which was granted through April 22, 2010. The petitioner filed his response in opposition to the motion for summary judgment on April 5, 2010, and submitted additional attachments in support of his response on April 9, May 14, and June 8, 2010. On May 28, 2010, he filed an affidavit in support of his response, and on June 28, 2010, he filed a "Motion of Actual Innocence."

## APPLICABLE LAW

Title 28, United States Code, Section 2254(d) and (e) provides in pertinent part as follows:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

(e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. §2254(d), (e).

16

The Fourth Circuit Court of Appeals has stated as follows regarding the standard of review in cases, like the instant case, that are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"):

> For a claim that was adjudicated on the merits in state court proceedings, this Court will not issue a writ of habeas corpus under the AEDPA unless (a) the state court decision is in "square conflict" with Supreme Court precedent that is controlling as to law and fact or (b) if no such controlling decision exists, "the state court's resolution of a question of pure law rests upon an objectively unreasonable derivation of legal principles from the relevant [S]upreme [C]ourt precedents, or if its decision rests upon an objectively unreasonable application of established principles to new facts." *Green v. French*, 143 F.3d 865, 870 (4th Cir.1998). "In other words, habeas relief is authorized only when the state courts have decided the question by interpreting or applying the relevant precedent in a manner that reasonable jurists would all agree is unreasonable." *Id.* When a petitioner has properly presented a claim to the state court but the state court has not adjudicated the claim on the merits, however, our review of questions of law and mixed questions of law and fact is de novo. *See Jones v. Jones*, 163 F.3d 285, 299-300 (5th Cir.1998) (applying pre-AEDPA de novo standard of review to claims of ineffective assistance of counsel that were properly raised, but not adjudicated on merits in state court).

*Weeks v. Angelone*, 176 F.3d 249, 257-58 (4th Cir. 1999).

## **ANALYSIS**

### *Ground One*

In ground one, the petitioner alleges a freestanding double jeopardy claim:

Double Jeopardy - I was indicted for the State and Federal charges the same day - the federal conspiracy trafficking overlapped the State trafficking.

> a. October 3, 2002 - I was arrested for (two) trafficking cocaine offenses that allegedly happened on the dates of July 16, 2002 and August 2, 2002. December 16, 2002 - I was arrested for conspiracy to trafficking crack cocaine by the State and the charges were arraigned to the federal court. I was charged from the dates of

> January 1, 2000 until the date of my indictment
> December 17, 2002....

(Petition at p. 6).

This ground fails on the merits. The petitioner was prosecuted by the federal government on the conspiracy to distribute crack cocaine charge, and by the State of South Carolina on the trafficking in cocaine charge. The PCR court found there was no double jeopardy violation arising out of the petitioner's state court conviction for trafficking in cocaine because the petitioner's federal charge and his state charge were separate and distinct offenses (App. 246-47). The petitioner's federal indictment alleged that he and others conspired to distribute and to possess with intent to distribute more than 50 grams of crack cocaine (*see* App. 218-19). The petitioner was convicted in state court of the separate and distinct offense of trafficking in powder cocaine by selling to an undercover informant more than ten grams of powder cocaine on August 2, 2002. The elements of the offenses are not the same. *United States v. Dixon*, 509 U.S. 688, 696-97 (1993) (acknowledging that the "same elements test," sometimes referred to as the "*Blockburger* test," inquires whether each offense contains element not contained in the other; if not, they are "same offense" and double jeopardy bars additional punishment and successive prosecution). The gravamen of the federal charge against the petitioner was the agreement to possess with intent to distribute or distribute more than 50 grams of crack cocaine. The petitioner's state court conviction of trafficking in powder cocaine was based on his sale and delivery of more than ten grams of powder cocaine for $450, not a long term agreement to possess or distribute more than fifty grams of crack cocaine. As trial counsel testified, and the PCR court correctly found, the two offenses were separate and distinct. Based upon the foregoing, the petitioner has failed to show he was subjected to double jeopardy in this case. Accordingly, this ground fails.

Further, the petitioner's assertion that the State violated South Carolina Code Annotated Section 44-53-410,[9] which provides additional protection not covered by the federal constitution, in its subsequent prosecution would not constitute a cognizable federal habeas claim. *See* 28 U.S.C. § 2254(a) (habeas corpus relief is available for a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."). Federal habeas is unavailable to retry state issues. *Milton v. Wainwright*, 407 U.S. 371, 377 (1972). "A federal court may not issue the writ on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1989). Accordingly, this claim is not cognizable on federal habeas review.

With regard to the petitioner's claim in his memorandum that counsel was ineffective for failing to object on double jeopardy grounds because he was indicted three times for two offenses (10/7/09 mem. in support of habeas petition at 2), this claim has no merit. Claims of ineffective assistance of counsel are governed by the two-part test established in *Strickland v. Washington*, 466 U.S. 668 (1984). First, the petitioner "must show that counsel's performance was deficient." *Id.* at 687. To prove deficiency, the petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. Second, the petitioner must show that the deficient performance actually prejudiced him, *i.e.* "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Finally, the Court in *Strickland* held that "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies," and "[i]f it is easier to dispose of an

---

[9]Section 44-53-410 provides:
> Prosecution in another jurisdiction shall be bar to prosecution. If a violation of this article is a violation of a Federal law or the law of another state, the conviction or acquittal under Federal law or the law of another state for the same act is a bar to prosecution in this State.

S.C. Code Ann. § 44-53-410.

ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Id.* at 697. Review of counsel's performance is "highly deferential." *Id.* at 689.

As argued by the respondent, counsel could not have been ineffective for failing to object, because there was no valid double jeopardy objection to make. The fact that the State may have corrected an indictment by resubmitting the same to the Grand Jury would not give rise to a double jeopardy violation, especially where the State proceeded to trial on only one indictment. In this regard, the petitioner was not tried twice for the same offense after acquittal, conviction, or an improvidently granted mistrial. *See State v. Mathis*, 597 S.E.2d 872, 876 (S.C. Ct. App. 2004). Accordingly, this claim fails.


### *Ground Two*

In ground two, the petitioner alleges as follows:

Ineffective assistance of trial counsel.

a.  Trial counsel dismissed my preliminary hearing after the Preliminary Hearing Coordinator, Donna Bearden, had contacted him for scheduling a date and Atty. Goldsmith dismissed the hearing without notifying my person....

b.  Goldsmith did not investigate my past record that this was my first offense, not second offense.

c.  Did not challenge the charge of the jury that you have to show possession to prove a trafficking offense.

d.  Trial counsel did not suppress the drugs and the chain of custody of the videotape being altered....

e. Was denied to all discovery before trial.

(Petition at pp. 6-7).

The petitioner's allegation in ground two(a) that his trial counsel was ineffective for waiving the petitioner's preliminary hearing fails on the merits. The PCR court

noted that the petitioner's trial counsel testified that "he does not have preliminary hearings in his cases unless there is a strong reason to do so" (App. 241). The court found that the petitioner's testimony was not credible and trial counsel's testimony was credible. The PCR court found that the petitioner had not carried his burden of proving he should have had a preliminary hearing, noting that trial counsel testified it was not necessary in this case (App. 242).

The purpose of a preliminary hearing under South Carolina law is to determine whether probable cause exists to believe the defendant committed the crime and to warrant the defendant's subsequent trial. S.C.R.Cr.P. 2; *State v. Ramsey*, 673 S.E.2d 428-29 (S.C. 2009). The need for or right to a preliminary hearing is obviated by a defendant's indictment by the grand jury. *See generally State v. Keenan*, 296 S.E.2d 676, 678 (S.C. 1982). *See also United States v. Kabat*, 586 F.2d 325, 328 (4th Cir. 1978) (stating there is no constitutional right to a preliminary hearing as long as there is some determination of probable cause prior to an extended restraint of liberty following arrest). The petitioner's indictment for trafficking in cocaine shows the Grand Jury for Greenville County determined there was probable cause the petitioner committed the crime, and the case should proceed to trial. Furthermore, the petit jury's verdict of guilty shows the jury affirmatively found not only probable cause that the petitioner committed the crime charged, but also that his guilt was proven beyond a reasonable doubt. The petitioner cannot show deficient performance or prejudice from counsel's waiving his right to a preliminary hearing. Accordingly, this ground is without merit.

In ground two(b), the petitioner alleges his trial counsel was ineffective in failing to investigate his criminal background and discover this was his first offense and not his second offense. He further argues his trial counsel was ineffective in not objecting at sentencing for this reason. However, as argued by the respondent, the record shows that this was the petitioner's second offense.

The record before the court indicates that the petitioner was convicted on May 5, 1994, in the Court of General Sessions for Greenville County before the Honorable C. Victor Pyle, Circuit Court Judge, of possession with intent to distribute ("PWID") crack cocaine. The petitioner pleaded guilty to this charge and was sentenced to five years incarceration to be run concurrent with a federal sentence for a gun charge. While the gun charge occurred on the same date as the PWID crack cocaine arrest, the other federally indicted drug charges did not occur on the same date as was alleged in the state PWID crack cocaine indictment.

The petitioner alleges this state PWID conviction was vacated in the past. However, the record shows otherwise. On September 9, 2005, the petitioner filed an application for PCR in the court of common pleas for Greenville County seeking to set aside this prior conviction as violating double jeopardy. (2005-CP-23-5782). The petitioner claimed the state conviction (PWID crack cocaine) was for the same conduct as the federal gun conviction. On December 19, 2005, the Honorable Edward W. Miller, Circuit Court Judge, entered a Conditional Order of Dismissal dismissing the application with prejudice as time barred under the state PCR statute of limitations, barred by defense of laches under state law, and the subject matter jurisdiction claim as having no merit. The court notified the petitioner that the Conditional Order of Dismissal would become final unless the petitioner showed some reason why the Order should not become final (Conditional Order of Dismissal). The Conditional Order was filed December 21, 2005, and the petitioner filed a response. On March 21, 2006, the Honorable Edward Welmaker, Circuit Court Judge, after considering the petitioner's response, entered a Final Order of Dismissal dismissing this PCR application (Final Order of Dismissal).

The petitioner's prior conviction is still valid and has not been set aside or overturned for any reason. Therefore, the petitioner cannot show ineffective assistance under *Strickland* in this regard. The petitioner was properly sentenced for trafficking in

22

cocaine second offense at the completion of his trial on July 13, 2004. The PCR court found that the petitioner did not meet his burden of proving trial counsel should have objected to the petitioner's prior record during sentencing (App. 245). That decision is supported by the record as set forth above. The petitioner has failed to show the PCR court unreasonably applied United States Supreme Court precedent in this regard, nor has he shown by clear and convincing evidence that the PCR court reached an unreasonable factual determination on this specific issue given the record before it. Accordingly, this portion of ground two should be dismissed.

In ground two(c), the petitioner alleges counsel was ineffective in failing to challenge a jury charge regarding possession. This ground fails on the merits. As argued by the respondent, the essence of the trafficking in cocaine charge against the petitioner was that he sold over ten grams of cocaine to an undercover informant. The informant testified he purchased $450 worth of cocaine from the petitioner. The drugs tested positive for cocaine and weighed approximately 14 grams. The jury was charged the general language of South Carolina Code Ann. Section 44-53-370, that the State must prove the petitioner knowingly did one of the enumerated acts under the statute including "sold, manufactured, cultivated, delivered, [or] purchased" more than 10 grams of cocaine (App. 88; *see* S.C. Code Ann. § 44-53-370(e)(2)). The petitioner has failed to show deficient performance or prejudice under *Strickland*, given the trial judge's instruction (*see* App. 88). Accordingly, the claim fails.

In ground two(d), the petitioner alleges trial counsel was ineffective in failing to move to suppress the drugs and the videotape at trial. There is no merit to this ground. The PCR court noted that trial counsel testified he did not object to the video and audiotapes because they were not harmful and did not record the petitioner involved in a drug transaction. Further, the defense strategy was to argue the petitioner was not involved in a drug transaction at all, and thus there was no reason to suppress the admission of the

items (App. 242-43 (citing *Roseboro v. State*, 454 S.E.2d 312, 313 (S.C. 1995) (finding that where trial counsel articulates a valid reason for employing a certain strategy , such conduct should not be deemed ineffective assistance of counsel)).

The PCR court's factual determinations on this issue are reasonable and are supported by the record. Trial counsel testified that the petitioner told him that he was not present when the drug transaction took place (App. 195). Trial counsel testified the petitioner told him he did not know anything about a drug transaction, and he had nothing to do with it (App. 195). Trial counsel further testified that he relied on what the petitioner told him, and he relied on what the petitioner told him in developing his theory of the case (App. 195). Counsel testified he reviewed the audiotapes and videotapes before trial, and he testified he reviewed their contents with the petitioner. Counsel testified that in coming up with his trial strategy regarding this evidence he asked himself whether the audiotape put the petitioner there at the scene when the drug transaction took place (App. 195). Trial counsel testified the answer to that question was no (App. 195). Counsel testified the audiotape was of very poor quality (App. 201, 211-12). Trial counsel testified that he could not recognize the petitioner's voice on the tape, and he did not believe the jury would accept voice identification based on the poor quality of the tape (App. 211-12). He further testified the same question applied to the videotape and the answer was that it did not put the petitioner at the scene (App. 195). Trial counsel believed this evidence did not hurt the petitioner's case and may have in fact bolstered his case because it did not implicate the petitioner as being present at the time of the drug transaction (App. 195). Counsel testified he believed the jury may very well see or hear the same thing he saw and heard in reviewing the evidence, or the lack thereof, and realize the State's case against the petitioner was not that strong. Because he did not feel there was anything damaging to the defense case from these two pieces of evidence, he did not object to the admission of either of these pieces of evidence (App. 195).

Counsel also testified that he did not object to the introduction of the drugs for the same reason (App. 195-96, 200-201). Counsel testified that his trial strategy was that the petitioner was not there, he did not have anything to do with this transaction, and there was nothing other than the informant's testimony that could put him there (App. 196). The thrust of the defense was not whether the drugs were cocaine or not, but that the State had no evidence other than the informant who put him there (App. 200). Counsel also testified he could attack the credibility of the informant, which he did (App. 199).

The record shows that after the informant purchased the drugs from the petitioner he handed them to Detective Lawson (App. 32, 52-53). Detective Lawson testified she and Investigator Carias then went back to the office where she field tested the cocaine (App. 32-33). She then placed the cocaine in a plastic bag, heat sealed it, and transported it to the evidence room (App. 32-33). While there, she requested that the drugs be analyzed. The drugs were tested and the result was they were found to contain cocaine and weighed in excess of ten grams.

Based upon the foregoing, the petitioner has failed to show the PCR court unreasonably applied United States Supreme Court precedent in this regard nor shown by clear and convincing evidence that the PCR court reached an unreasonable factual determination on this specific issue given the record before it.

The petitioner raised new claims as to why counsel should have objected to the admissibility of the audiotapes and videotapes after his Notice of Appeal was filed from the denial of PCR. These additional bases were not properly and timely raised to the PCR court and were not raised until the PCR court no longer had jurisdiction of the matter. If a petitioner before a federal district court fails to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in state courts. In such a case, a federal district court is barred from considering the habeas claim absent a showing of cause and actual prejudice or that

failure to consider the claim will result in a fundamental miscarriage of justice, as the exhaustion requirement is technically met and the rules of procedural bar apply. *Matthews v. Evatt*, 105 F.3d 907, 916 (4th Cir. 1997) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). A petitioner may establish a fundamental miscarriage of justice by showing that a constitutional error probably resulted in the conviction of one who is actually innocent. In order to raise a claim of actual innocence, a prisoner "must present evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Schlup v. Delo*, 513 U.S. 298, 316 (1995). The petitioner has made no such showing here. The petitioner's collateral counsel either did not investigate or chose not to raise these claims to the PCR court. *See Mackall v. Angelone*, 131 F.3d 442, 446-47 (4th Cir. 1997) (finding there is no constitutional right to effective assistance of counsel in state PCR proceedings). Further, the Fourth Circuit has held that alleged infirmities in a state PCR action are not matters that may be addressed in federal habeas actions. *Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir. 1988). Accordingly, these claims are procedurally barred on habeas review.

In ground two(e), the petitioner claims he was denied discovery materials in the case by his trial counsel. The PCR court directly addressed this issue and found it to be without merit. Trial counsel stated he received discovery in this case and reviewed the discovery he received from the State with the petitioner before trial. The petitioner, however, denied he ever reviewed discovery materials with trial counsel. Trial counsel stated he attempted to mail these materials to the petitioner, but the mail was returned to him. Trial counsel stated he reviewed the videotapes and audiotapes in this case but was unable to review them with the petitioner because the petitioner did not contact him. Trial counsel testified, however, that he did relay the contents of those tapes to the petitioner. Trial counsel testified there were no cell phone records in the discovery materials. Trial

counsel testified he did not obtain the confidential informant's prior record until the day of trial. Trial counsel stated he was prepared for trial, told the judge he was prepared for trial, but asked for a continuance based on the petitioner's request. (App. 241-42).

The PCR court found the petitioner had not met his burden on this issue. The court found the trial counsel's testimony credible and found the petitioner's testimony not credible (App. 242). The court noted trial counsel testified he reviewed the discovery materials with the petitioner. The court further noted trial counsel could not arrange a time to review the videotapes and audiotapes with the petitioner because the petitioner did not contact him. The court found that trial counsel was prepared for trial and stated to the trial court that he had received the discovery materials and was ready to proceed (App. 243 (citing trial transcript, p. 4)). Ultimately, the court found that "trial counsel adequately conferred with the [petitioner], conducted a proper investigation, and was thoroughly competent in his representation" (App. 242).

The PCR court's decision on this issue is supported by the credible evidence. The petitioner has failed to show the PCR court unreasonably applied United States Supreme Court precedent on this issue and has failed to show by clear and convincing evidence that the PCR court reached an unreasonable factual determination on this issue given the evidence and record before it. As a result, he cannot overcome the deferential standard of review accorded the PCR court's decision.

### Ground Three

In ground three, the petitioner alleges a freestanding lack of subject matter jurisdiction claim. Specifically, the petitioner contends he was indicted for the same charge twice by the state grand jury. However, a review of the record shows that the indictment the petitioner went to trial on was not indicted twice by the grand jury. The petitioner was tried on a trafficking in cocaine charge for an incident that occurred on August 2, 2002 (*see*

27

Warrant No. H-192003 and True Billed Indictment, App. 119, 128). The petitioner had also been charged under a separate warrant on a trafficking offense for an incident that occurred on July 16, 2002 (*see* Warrant No. H-192002, App. 129). The petitioner was indicted for that offense (App. 118). The State also sought and obtained a direct indictment on the July 16, 2002, charge; however, neither this indictment nor the original indictment for the July 16th incident were prosecuted (App. 118, 120).

Further, such a claim is not cognizable in federal habeas corpus. *See Wright v. Angelone*, 151 F.3d 151, 157 (4th Cir. 1998); *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir.1976) (a "[d]etermination of whether a state court is vested with jurisdiction under state law is a function of the state courts, not the federal judiciary"). *See also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("It is not the province of a federal habeas corpus court to reexamine state-court determinations on state-law questions."). Relief may not be granted where the alleged jurisdictional defect depends on interpretation of state law, unless the result is a "complete miscarriage of justice." *Wright*, 151 F.4d at 158. The petitioner has made no such showing here. Based upon the foregoing, this claim fails.


### Ground Four

In Ground Four, the petitioner alleges his trial counsel was ineffective in failing to investigate his criminal background and discover that this was his first offense and he should not have been sentenced to trafficking in cocaine second offense at the completion of his trial in 2004. He further alleges his counsel was ineffective in not objecting at his sentencing for this reason. As discussed above with regard to Ground Two(b), there is no factual or legal merit to this claim as the record shows that the petitioner's 1994 conviction for PWID crack cocaine has not been overturned or vacated. Therefore, the petitioner cannot show ineffective assistance under *Strickland* in this regard.

28

Further, the petitioner's claim that the prior conviction for PWID crack cocaine was invalid because it violated double jeopardy also fails. The petitioner was convicted in federal court of possession of a weapon during a drug trafficking crime in 1993, and he pled guilty in state court to possession with intent to distribute crack cocaine in 1994. The gun charge occurred on the same date as the PWID crack cocaine charge. The remaining federally indicted drug charges, which did not occur on the same date as the gun charge, were dismissed as a result of his plea to the gun charge. As argued by the respondent, the elements of the PWID and gun offenses are different. *See Dixon*, 509 U.S. at 696-97. The petitioner was convicted in federal court of possessing a weapon during a drug trafficking crime, which requires the element of possession of a firearm, which the PWID crack cocaine charge does not. Counsel could not have been deficient nor can the petitioner show prejudice resulting from a failure to investigate his prior drug conviction or object to the use of his prior conviction for sentencing enhancement where he has failed to show the conviction was invalid under the double jeopardy clause or under South Carolina Code Ann. Section 44-53-410. Accordingly, this claim fails.

### CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, it is recommended that the respondent's motion for summary judgment (doc. 23) be granted.


s/Kevin F. McDonald
United States Magistrate Judge

July 22, 2010

Greenville, South Carolina